Case numbers 23-50-92 and 23-50-95. Thomas Buck v. Janice Compton. Argument not to exceed 15 minutes per side. Mr. Hernandez, you may proceed for the appellant. Good morning. Good morning. May it please the court, my name is Sal Hernandez and I represent appellant Thomas Buck. I would like to reserve 3 minutes for rebuttal. Very well. Mr. Buck does not bring this appeal simply because the FINRA arbitrators got the award wrong. Rather, in getting it wrong, the arbitrators exceeded their authority under Section 10A4 of the FAA and manifestly disregarded clear statutes and applicable law. Mr. Buck presented the authorities to the arbitrators but they failed to heed them. How do we know that with this award being an unreasoned award? The award, to the extent, and I anticipated that question your honor, the award is reasoned and that's an error of the district court in that both Ms. Compton and the district court ignored that the arbitrators explained the statutory basis for their award. You can tell from the award itself that they unambiguously stated that they were awarding treble damages and awarding attorney's fees pursuant to the RICO statute and the Indiana RICO Act. So there's no second guessing what happened with the award. Well, that is the award but you say they consciously disregarded the law and how do we tell that from the face of the award? Well, under the RICO Act and even Ms. Compton conceded that in order for her to prevail under the RICO Act she had to show You're arguing an error of law, not a disregard of the law. It is a manifest disregard of the law in that the only way Ms. Compton could prevail under RICO is if the crime conviction exception of RICO applied to her claim which was predicated on securities law violations. It sounds like an error of law rather than a conscious disregard of the law. That's all and that's your burden, isn't it? It is the burden of the appellant to show a manifest disregard of the law, yes. And Mr. Buck clearly can show that the panel disregarded the crime conviction exception. The statute was presented to the panel. The statute is unambiguous. It's clear you have to, in order to be able to recover under RICO for securities law violations, you have to show that you were a victim of the fraud. And Ms. Compton and Mr. Buck was never charged, never was convicted and never charged for securities law violations with respect to Ms. Compton. He was convicted but those were not for any allegations with respect to Ms. Compton. Doesn't the text of the RICO statute just say there must be a conviction in connection with the fraud? You want to say that requires a conviction of somebody named in the indictment or information. But this just says in connection with the fraud. So it could be a mistake but it's not a manifest disregard of the law if somebody is involved with, right? I mean she's not a stranger to this whole business, right? So I mean the statute says in connection with. The statute provides that the exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud. And Mr. Buck cited the statute, cited case law, the Eastern District of Michigan case Crear v. Malik, which gave a thorough analysis of the statute and even looked into the legislative history of the statute and clearly interprets that statutory language narrowly. Meaning the fraud being you are a victim of the crime for which the defendant was convicted. So that's a mistake, maybe. But it's not manifest disregard of the law. Manifest disregard of the law means I looked at the law and I said I don't care. Right? That is. Maybe you think it means something different. Well, an arbitrator is not free to disregard the words of the statute and then issue an award that flies in the face of the statute. You're talking about disregarding a case, not the words of the statute. Well, and no, not just a case, Your Honor, but clearly if an arbitrator is presented with a clear, unambiguous, and legal precedent, it can be a statute, it can be statutory language. This court in the Coffee Beanery case did that where they vacated an arbitrator's decision that clearly went against the language in the statute that was being applied. You're saying clearly went against the language in the statute. And if the language in the statute is in connection with, as opposed to convicted specifically for this person's having been victimized. That is correct, Judge. But Mr. Buck presented case law and the statute. So the panel had before it and didn't have anything else. You know, the statute as well as case law interpreting that statute. They interpreted it to mean in connection with the fraud, meaning in connection with that you were a victim of the crime for which the defendant was convicted. So what is your understanding of the manifestly disregarded standard? It sounds to me like what you're saying is if the arbitrator makes a mistake, then we have jurisdiction to review it and we can fix it. But I thought the standard was, you know, the most narrow standard of review in all the law. I mean, that's the language the Supreme Court likes to use. And I thought that manifest disregard doesn't mean the arbitrator got it wrong. What it means is the arbitrator looked at the law, acknowledged that this is what the law says, and then says, but I don't care. I'm going to do something else. It is a narrow standard, Judge. An arbitration panel acts in manifest disregard of the law and exceeds its powers when the applicable legal principle is clearly defined and not subject to reasonable debate. And they refuse to heed to that principle. And again, that is Mr. Buck's argument, that it is not subject to reasonable debate what this RICO crime conviction exception means. There have been countless decisions all across the United States interpreting what this provision means. Ms. Compton cites one case in her briefing which wasn't presented to the panel, and it's inapplicable. Right, but if I just read the words of the statute, I mean, we have an unreasoned decision here. We have citing of statutes. We have an unreasoned decision. The decision says in connection with the fraud. This is the same fraud against a victim of the same fraud. Why is that not in connection with the fraud? I mean, maybe that's wrong, but it doesn't seem like manifest disregard. When the panel was presented with the statute as well as the supporting case law authority interpreting that statute, they had before it, they disregarded all of that, Your Honor, and did so under, that meets the standard of a manifest disregard. I understand your question. Mr. Buck did present the law regarding the crime conviction exception. And as far as the opinion, or excuse me, the award being reasoned, it is reasoned in so far as the only, again, the only way the arbitrators could have determined that Mr. Buck and that Ms. Compton was able to recover under RICO was if the crime conviction exception applied. There's no other way you get around and say, okay, you can have a RICO violation against Mr. Buck and we don't need to deal with the crime conviction exception. This panel had to decide that it applied in this case, and that was the manifest disregard, and that it doesn't apply. Did you stipulate to an unreasoned, did your client stipulate to an unreasoned award in this case? In FINRA, that is the default. Both parties have to seek to have the panel issue an explained reasoned decision. That did not happen in this case. And is that because you tried to convince the other side, oh gosh, we should ask for a reasoned decision, and they said no? So they thwarted you, or you just said I'm good with it? From what I understand, that did not occur. I did not represent Mr. Buck at the arbitration. But again, I think that for purposes of this analysis, no one asked for a reasoned award. But again, from the face of the award, you can see the basis for, and this court's decision in the Hale case, it's an unpublished decision on the Sixth Circuit, talks about what is the definition of a reasoned award. And it's when you can determine the factual and legal basis of the award. And when you look at the award, you can tell, okay, they awarded troubles, they awarded attorney's fees, and the only way they did that, and they say it, was because of the Federal RICO Act and the Indiana RICO Act. Okay, the FLE, in addition to arguing that this is not a manifest disregard of the law, also asks us to not follow the manifest disregard for the law standard, but rather apply the standards in the Arbitration Act, which have four reasons that you could vacate an award. Why should we not do that, file the statute and disregard the manifest injustice? Because, Your Honor, this court has addressed this issue many times since the Hall Street decision in 2008. In a published binding decision? I mean, I know we've done it in unpublished opinions. In the Ramonzi case from 2022, this court, again, did a review of what are the parameters under the FAA in which a party can seek to vacate a decision. And in that decision, the Ramonzi court confirmed the continued ground for review that manifest disregard of the law is part and parcel of the statutory prohibition that arbitrators cannot exceed their powers. And that was a 2022 decision, Your Honor. There are other decisions, though, even before that, that are unpublished, but the Ramonzi case is clearly a published decision. All right. I see you're out of time. You've got three minutes rebuttal. You can use it now or you can wait. I'll use it for rebuttal. Thank you. Very well. Thank you, Mr. Hernandez. Good morning. Good morning, Your Honors. May it please the Court, my name is Neal Prosser. Myself and my partner, Kyle Johnson, are here representing the appellee, Janice Compton. I welcome, Judge Griffin, your admonition to focus on the most important points here. I'm going to be switching classes back and forth because I need readers, but I also need distance classes. We all understand. The most important point that we want to, we have two important points I want to address today, time allowing. The first, though, deals with whether manifest disregard should continue to be applicable in this circuit. The second is whether sanctions should be issued in this case. So those are the two points I want to address. Why should manifest disregard be cast aside by the Sixth Circuit? The first reason is the wording of the statute, the FAA. The statute is very clear on the basis for vacature. Section 9 says that a litigant can move to confirm an award based on, a litigant can move to confirm an award and the court, the district court, shall confirm unless the court vacates, modifies, based on the, pursuant to the reasons listed in Section 10. There's a complete interlock there. The statute is very clear and is part of an overall statutory scheme that was designed to promote arbitration as an alternative form of district resolution. So you start off with the textual basis of the FAA directs that exclusivity for vacature. But even so, why isn't manifest disregard just a different way of saying that the arbitrator exceeded his or her powers under 10A4? And isn't that kind of what Romanzi said? Well, Romanzi, I would love to get into Romanzi and this may be a good spot to do it. The text says, look to the four bases in Section 10. The four bases there, the only one that comes anywhere near close to this, as your honor is alluding to, is A4, if the arbitrators exceed their powers. That reference to exceeding powers is directed to the arbitration agreement. The arbitration agreement is what empowers the arbitrator to take up the case. The arbitration agreement here doesn't say anything about whether you apply the law or not. It simply says you apply the Fenner rules. Does the arbitration agreement have a choice of law provision? No. In other words, you submitted this claim to the arbitrator thinking that the arbitrator could just decide, like hold a seance or something?  You expected the arbitrator to follow the law. Well, we do, but remember, your honor, the Arbitration Act is designed to, frankly, to exclude judicial review as much as possible. Well, that might be fair, but I thought you were arguing, well, manifestly disregard the law can't be exceeding powers because we didn't expect the arbitrator to follow the law. Well, no, my argument is a little more nuanced than that. The argument is that the exceeding powers basis for vacature is based on what the arbitration agreement says. And the statutory scheme and the Supreme Court's decision in Hall Street is totally undermined if judges are able to continue to imply terms that aren't in the agreement. And so there's no such term in this agreement. And I would submit that, and this is a very interesting idea, but I would submit that Hall Street would prevent a party from imposing an agreement to restrict the contractually, restrict the scope or expand the scope of review in the agreement. The Congress intended for arbitration to be, to provide the minimal protections necessary for it to work. And there's a great quote in Hall Street that says just that. I believe it's, let me change glasses, it is on 586 in Hall Street. And it's referring to, the Supreme Court begins, instead of fighting the text, it makes more sense to see the three provisions, section 9 through 11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straight away. The Congress, and as the Supreme Court has found in interpreting Congress's language, it doesn't intend arbitration to always be perfect. It's a trade-off. You are trading, we were the plaintiff or the claimant in the underlying arbitration here. We didn't get depositions, we didn't get third-party discovery, we didn't have the rules of evidence apply during our hearing, and we get a very narrow scope of review. The arbitration, and is that fair? Well, it depends on whose ox is getting bored. I mean, if you need a party to appear and you can't, the panel doesn't have the power to do it, you're not entirely stuck, but you're pretty close to stuck. You don't get depositions except in extraordinary cases. There is a trade-off, and one of the trade-offs is that the review after the fact is very limited. And that's not me saying that, that's Congress saying that, and that is the Supreme Court saying that. Okay, Mr. Prosser, even if we agreed with you that the manifest disregard of the law is really contrary to the exceptions in the statute, and the statute itself should be fouled, and that the power to do something is separate from doing something wrong, that if the arbitrators have the power to do it, that's one thing, but if they manifestly disregard the law, that's doing it wrong. I mean, even if we agreed with you, is this the right case to have a broad holding that jettisons the manifest disregard case when you also argue there's clearly not a manifest disregard of the law here when you have an unreasoned award. I mean, we often, we usually determine cases on the narrowest grounds, not the broadest ground, and taking in all that, why is this the right vehicle to have a broad holding? That's a great question. There are a number of reasons. The first is that we've asked for it. The cases that I have reviewed in getting ready for this argument and in our briefing, I don't see where the issue has been squarely presented. I've seen commentary after commentary that Hall Street may do in manifest disregard in the Sixth Circuit, but no one has been willing to take the next step, and I've also noticed that the appellee in those cases hasn't seemed to have demanded it. So that's issue one, and Hale is a good example of that. It's been presented, it's preserved, and that's a good point. So that's point one. Point two is there is no published case that embraces manifest disregard as a separately judicially created vehicle for vacature that postdates Hall Street. So I would direct you back to Hall Street. The Supreme Court's logic here is unassailable. Hall Street repeatedly said that the methods for vacature are limited to what's in Section 10. They said it six, maybe seven times in that short opinion. This court in Hale said exactly the same thing, that the basis for vacature is limited to the enumerated means set out in Section 10. So this court has gotten up to the very edge of making that decision. In fact, Hale went even further and characterized manifest disregard as an overly generous means of review and cited to Hall Street and then diverted because the court could decide the issue based on the inapplicability of manifest disregard in that case. And you could do the same thing here, but it would be wrong. And it's wrong for several reasons. A, we're directly asking for it. B, my client has been damaged by it. She has an arbitration award that's now a year and a half old and has had to go through a vacature motion at the district court level and now has to defend it upon appeal in a case where there's no basis for it. It is a frivolous attempt to grind down a litigant. And not only has that happened here, but you look at the cases where manifest disregard has been rejected and they're legion. In fact, there hasn't been one by my count since Coffee Beanery, which is unpublished. But in case after case after case, frivolous arguments are being presented for manifest disregard and it's a litigation tactic. And this court shouldn't allow that to persist, particularly when the logic of Hall Street is unassailable. So if we were to take you up on this, let me see if I understand what our authority to do that would be. Because we have pre-existing case law, pre-Hall Street case law, I think, published that says we do manifest disregard. It's a free-floating, judge-made thing out there in the sky. We're bound by that unless the Supreme Court intervenes or we take it on back. What you'd say is the Supreme Court intervened in Hall Street and said, no, you have to stick to the four statutory bases. Right. And then we'd have to say also that the four statutory bases don't include exceeding their powers. Manifest disregard is not the same thing as exceeding their powers. I'm saying manifest disregard is definitely not. It's simply rearranging. And Ramonzi doesn't hold that manifest disregard is the same as exceeding their powers? Well, it does so in dicta. So it's not a holding?  It holds very clearly that an inadequately described basis by the arbitrator, the remedy for that's not vacature, it's remand to the arbitrator. And it decides that right before it launches into its discussion of manifest disregard. And in declaring that manifest disregard is an appendage, a gloss, it doesn't use the term but that's where it's going, a gloss to 10A4, it cites to grain. And grain cites to Hall Street and calls into question whether the entire construct is still viable. And the In re Ramonzi court doesn't mention it at all. So its dicta is built on shifting sand. It's dicta that's not even reliable. So one other thing to focus on here is the fact that with Ramonzi aside, I think that the court has said 6, 7, 8, 9 times that manifest disregard in the 6th Circuit is a separate, judicially created basis for vacature. It's not a gloss. To maintain it as a gloss is to undermine the FAA and to ignore Hall Street because it's simply taking manifest disregard and changing its position on the Christmas tree. Taking an ornament and moving it from this branch to the other. Maybe we always thought that it was under the statute. I mean, I don't know. Your Honor, it is antithetical to the intent of the FAA, which is to get judges to step back and let the process work with its warts. With the pluses and the minuses sorting themselves out. And if there's a problem, and the Supreme Court addressed this in Hall Street, basically it's not our job to write the law. It's not our job, the courts, to write the law. Congress does that and Congress makes mistakes and Congress is fully capable of correcting them if they're there. We have five circuits now that have rejected manifest disregard and they've done it from 2008-9 forward and there's been no change in the law since then. This fear that arbitrators are going to run amok has no basis in the record. And even if they do run amok, the issue is for Congress to change, not for the courts. Okay. Any further questions, Judge Batchelor? All right. Thank you, Mr. Prosser. Rebuttal, three minutes. If Ms. Compton's argument is that this court's not allowed to interpret the language of the Conviction Exception or the Indiana Act or the Federal Rules to determine whether the arbitrator disregarded them, the Supreme Court rejected that argument via its analysis in the Stoltz-Mielsen case. Arbitrators are required to follow the applicable law and a court can then review that law to determine whether the arbitrators did so. And in this case, the arbitrators manifestly disregarded the RICO law, the Indiana Act, the Federal Rules on eligibility, the quadruple damages, the awarded interest on a non-awarded monetary judgment. These are things that the court can review under the confines of the statute, under the FAA. And as this court has repeatedly found over and over since the Hall Street case, it can manifest disregard does fit within the constructs of 10A4. Thank you. All right. Thank you. The case will be submitted.